# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STARK MASTER FUND Ltd. and
STARK GLOBAL OPPORTUNITIES
MASTER FUND, Ltd.,

        Plaintiffs,

    -vs-                                      Case No. 14-C-689

CREDIT SUISSE SECURITIES (USA) LLC,
DEUTSCHE BANK SECURITIES USA, Inc.,
APOLLO GLOBAL MANAGEMENT LLC, and
APOLLO MANAGEMENT HOLDINGS, L.P.

        Defendants.

## DECISION AND ORDER

The plaintiffs, Stark Master Fund Ltd. and Stark Global Opportunities Master Fund Ltd., collectively referred to as "Stark," allege that the defendants, Credit Suisse Securities, Deutsche Bank Securities, Apollo Global Management and Apollo Management Holdings, misrepresented the nature of the financing for a proposed merger between Huntsman Corporation and Momentive Specialty Chemicals, Inc. f/k/a Hexion Specialty Chemicals, Inc.. According to Stark, the defendants' misrepresentations caused them to retain their position in Huntsman stock

and to purchase additional shares. The merger collapsed, and Stark is now suing Apollo and the Banks for intentional misrepresentation, negligence, strict liability misrepresentation, conspiracy to defraud, and aiding and abetting fraud.[1]

Procedurally, the Banks and Apollo moved to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim. Instead of responding to those motions, Stark filed an amended complaint, and the defendants renewed their initial motions. Stark now moves for leave to conduct limited jurisdictional discovery. The parties stipulated that Stark will file any opposition to the defendants' motions to dismiss the amended complaint on or before 30 days following either a decision from this Court on any motion for jurisdictional discovery, or the close of jurisdictional discovery, whichever is later.

Regarding subject matter jurisdiction, Stark alleges that the Court may exercise jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. According to the amended complaint, the plaintiffs are British Virgin Islands corporations both having a principal place of business in St. Francis,

---

[1] Huntsman's suit against the Banks settled in 2009 for $1.73 billion dollars. *See* http://www.bloomberg.com/apps/news?pid=newsarchive&sid=aXzIYlRd1CVU (last visited 4/2/15).

Wisconsin for the purpose of, among other things, trading in securities through their respective investment managers, Stark Offshore Management LLC and Stark Global Opportunities Management, LLC, both of which are Wisconsin limited liability companies. Both Funds (i.e., both plaintiffs) are comprised of investments from various individual and institutional investors including, without limitation, pension funds, foundations, and university endowments.

Defendant Deutsche Bank Securities (USA), Inc. is a Delaware corporation with its principal place of business in New York, New York. Deutsche Bank is licensed in Wisconsin as a broker-dealer. It served as a Prime Broker for Stark, providing it with such services as execution of transactions, clearance and settlement of trades, custody of investments and cash, customer reporting, securities lending, and financing. Stark alleges on information and belief that Deutsche Bank had an office in Wisconsin during the relevant time period.

Defendant Credit Suisse Securities (USA) LLC is a Delaware corporation with its principal place of business in New York, New York. Credit Suisse is licensed in Wisconsin as a broker-dealer. It has served as the Prime Broker for the plaintiffs' Wisconsin-based fund advisor for over ten years, providing the plaintiffs with trade executions, loans and normal

- 3 -

services of a Prime Broker, including clearance and settlement of trades, custody of investments and cash, customer reporting, securities lending, and financing. Its agents visited Stark in Wisconsin on a monthly basis to promote and provide services under the Prime Broker Agreement and to solicit further business from Stark for which Credit Suisse would be paid commissions and fees. On an annual basis, those commissions and fees amounted to several million dollars.

Defendant Apollo Global Management LLC is a Delaware limited liability corporation with its principal place of business in New York, New York. Apollo Global Management invests in Wisconsin companies as part of its portfolio of companies that it actively manages and controls, and its principals serve on the boards of directors for corporations which have their principal places of business in Wisconsin. Defendant Apollo Management Holdings, L.P. is a Delaware limited partnership with its principal place of business in New York, New York.

Regarding personal jurisdiction, a federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant only if a court in the state in which the federal court is sitting would have jurisdiction. *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983). Thus, the Court must examine whether Wisconsin's long-arm statute

reaches the defendants, Wis. Stat. § 801.05, and whether the exercise of jurisdiction over the defendants would violate due process. *Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996). In order to justify its request to conduct jurisdictional discovery, Stark must establish a *prima facie* case for personal jurisdiction. *Cent. States, S.E. & S.W. Areas Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 876 (7th Cir. 2006) (citing *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). In this analysis, Stark is "entitled to the resolution in its favor all disputes concerning relevant facts presented in the record." *Id.* at 878. The Court will "read the complaint liberally, in its entirety, and with every inference drawn in favor" of Stark. *Id.*

A bullet-point summary contained in of one of Stark's reply briefs, ECF No. 76 at 1-3, illustrates that the plaintiffs have made the requisite prima facie showing. Most significant for jurisdictional purposes is that on August 2, 2007, Credit Suisse solicited the plaintiffs to purchase Huntsman stock from an investment firm called MatlinPatterson by means of an email sent to the traders' desk at Stark's offices in St. Francis, Wisconsin. This was followed by other communications with representatives at Stark who were located in Wisconsin. Although Credit Suisse solicited the plaintiffs to purchase MatlinPatterson shares, it failed

- 5 -

to advise them about the banks' secret side agreements with Apollo or that key representations concerning the security of financing, which were previously set forth a Commitment Letter, Merger Agreement (and widely reported in news releases and public announcements) were fraudulent. Where, as here, the plaintiffs' claim is an intentional tort, "the inquiry focuses on whether the conduct underlying the claim[] was purposely directed at the forum state." *Felland v. Clifton*, 682 F.3d 665, 674 (7th Cir. 2012). Stark provides enough to suggest that the defendants, in concert, "expressly aimed" their conduct at Wisconsin. *Id.* at 675.

Stark also requests leave to conduct discovery as to subject matter jurisdiction. *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 952 (E.D. Ky. 2010) (federal courts "often allow plaintiffs who originally bring a case in federal court a limited amount of discovery to establish that the court has subject matter jurisdiction") (citing *Gilbert v. Ferry*, 401 F.3d 411, 415 (6th Cir. 2005)). The Apollo defendants argue that the citizenship of certain of their members or partners would destroy diversity jurisdiction as to those two entities. However, as the Court views the record, the citizenship of Apollo members/partners at the time this action was filed has yet to be definitively established. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004) ("the time-of-filing rule … measures all

- 6 -

Case 2:14-cv-00689-RTR   Filed 04/09/15   Page 6 of 8   Document 80

challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of the facts that existed at the time of filing"). For example, AMG LLC's members are defined as Class A shareholders, and according to Apollo, the full shareholder list is nearly 1,100 pages long. Apollo's production of a four-page list purporting to establish the citizenship of certain shareholders as of November 2014 – months after this action was filed – is insufficient to defeat jurisdiction. Stark should be allowed to pursue discovery on this issue.

Finally, the Court notes, as detailed above, that Credit Suisse is named as an LLC in the amended complaint, but the amended complaint goes on to treat Credit Suisse as a corporation for jurisdictional purposes. The Court needs clarity as to whether Credit Suisse is an LLC or a corporation. If the former, Stark needs to establish, as with Apollo, the citizenship of Credit Suisse members as of the time this action was initially filed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Stark's motion for leave to conduct limited jurisdictional discovery [ECF No. 62] is **GRANTED**; and

2. The initial motions to dismiss filed by the defendants [ECF Nos. 16, 19, 22, and 26] are **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this **9th** day of April, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**